UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR.,<br><br>                Plaintiff,<br><br>        v.<br><br>COLLIER, et al.,<br><br>                Defendants. | Case No. 1:21-cv-01533-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Before the Court is Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) Because Plaintiff has accrued three "strikes" under section 1915(g) and fails to show that he is under imminent danger of serious physical injury, the Court recommends that his motion be denied.

**I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

///

## II. DISCUSSION

The Court takes judicial notice of three of Plaintiff's prior actions that were dismissed for failure to state a claim on which relief can be granted[1]: (1) *Quair, Sr. v. Vento, et al.*, No. 1:14-cv-01616-AWI-BAM (E.D. Cal. March 21, 2017); (2) *Quair v. Board of Supervisors, et al.*, No. 1:19-cv-00902-DAD-SKO (E.D. Cal. July 6, 2020); and (3) *Quair v. Board of Supervisors, et al.*, No. 1:19-cv-00993-DAD-BAM (E.D. Cal. Aug. 11, 2020). Each of these cases was dismissed before Plaintiff initiated the current action on October 18, 2021. Plaintiff is therefore precluded from proceeding *in forma pauperis* unless he was under imminent danger of serious physical injury when he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff alleges officials at Kings County Jail retaliated against him for breaking a sprinkler in his cell, which he did to "wash . . . laundry and . . . shower," as well as for filing a grievance and a lawsuit. (*See* Doc. 1 at 4, 6.) Plaintiff alleges the officials made him wear a shirt and boxers that were too large and small, respectively, which led to verbal sexual harassment by other inmates; failed to provide him a fully charged tablet; and verbally abused him. (*See id.* at 4-6.) Plaintiff's allegations do not show that he was under imminent danger of serious physical injury at the time he filed suit.

## III. CONCLUSION, RECOMMENDATIONS, AND ORDER

Based on the foregoing, the Court RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  Recommendations." Plaintiff's failure to file objections within the specified time may result in
2  waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing
3  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 21, 2021**                    _          **/s/ Jennifer L. Thurston**
                                                  CHIEF UNITED STATES MAGISTRATE JUDGE